IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENDY ALISON NORA,

                    Petitioner,

    v.

CATHERINE J. FURAY, JEFFREY J. PETERSON,
and GREGORY J. FORSTER

                    Respondents.

OPINION and ORDER

14-cv-527-jdp

---

       Petitioner Wendy Alison Nora is a lawyer who has appeared many times in this court and in the Bankruptcy Court for the Western District of Wisconsin. In a recent decision remanding an adversary proceeding to state court, Chief Bankruptcy Judge Catherine J. Furay criticized the arguments Nora made in support of the bankruptcy court's exercise of jurisdiction. Nora takes offense at the criticism, contending that Judge Furay improperly failed to dismiss the underlying bankruptcy proceeding specifically so that Judge Furay would have the opportunity to defame Nora in the remand decision.

       Nora now petitions this court for a writ of mandamus under 28 U.S.C. § 1651 ordering Judge Furay to vacate the remand decision.[1] Nora has requested that the clerk of

---

[1] Nora also names Jeffrey J. Peterson and Gregory J. Forster, the plaintiffs in the adversary proceeding, as defendants in this mandamus action, presumably because they have an interest in the validity of the orders entered in the adversary proceeding.

court issue summonses to the defendants in this case. The clerk need not do so because I will dismiss this action at its outset.[2]

The relevant facts are established by the record in the underlying bankruptcy proceeding. Nora represented Ryan Thomas Bechard, a debtor in Chapter 13 bankruptcy proceedings before Judge Furay. *In re Bechard*, No. 14-11862-cjf-13 (Bankr. W.D. Wis.). On June 5, 2014, Bechard removed a state court case originally filed in the Buffalo County Circuit Court regarding the dissolution of a purported partnership to the bankruptcy court, where it was opened as an adversary proceeding. *Peterson v. Bechard*, Adversary No. 14-76-cjf (Bankr. W.D. Wis.). On July 20, 2014, Bechard filed a notice of dismissal of the underlying bankruptcy case under 11 U.S.C. § 1307(b).[3] Before formally dismissing the bankruptcy case on July 22, 2014, Judge Furay issued a decision and an order dated July 21 remanding the adversary proceeding. This decision was not premised on the voluntary dismissal of the bankruptcy proceeding. Rather, Judge Furay concluded, in a thorough 16-page decision, that she should abstain from deciding the adversary proceeding under 28 U.S.C. § 1334(c)(1).[4]

---

[2] Although Nora has paid the full filing fee for this action and this case does not have to be screened under the *in forma pauperis* statue, 28 U.S.C. § 1915, this court has the inherent authority to screen and dismiss the case *sua sponte*. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

[3] This provision states that "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter."

[4] Under this provision, "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Nora seeks a writ of mandamus under 28 U.S.C. § 1651 (commonly known as the "All Writs Act"). Section 1651(a) states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, the issuance of a writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259–260 (1947)). A person seeking mandamus must show that (1) no other adequate means exist to attain the desired relief; (2) her right to issuance of the writ is clear and indisputable; and (3) the writ is appropriate under the circumstances of her case. *Cheney*, 542 U.S. at 380–381. Nora's main argument for mandamus is that Judge Furay no longer had jurisdiction to enter the July 21 decision and order in the adversary proceeding because Bechard had already voluntarily dismissed the underlying bankruptcy proceedings on July 20, 2014.[5]

I will assume, without deciding, that this court would have the power to issue a writ of mandamus to a bankruptcy court judge requiring her to withdraw a decision that exceeded the bankruptcy court's jurisdiction.[6] But Nora's contention that Judge Furay lost jurisdiction over the adversary proceeding is incorrect. The Court of Appeals for the Seventh Circuit has

---

[5] Nora also asks this court to vacate "all other Orders entered by Judge Furay . . . except the mandatory and merely ministerial Order of Dismissal." Nora makes no separate argument attacking the validity of Judge Furay's other orders, and thus this court need not separately evaluate those orders.

[6] "Confining courts to the lawful exercise of their jurisdiction is the traditional use of the writ [of mandamus]." *Bailey v. Sharp*, 782 F.2d 1366, 1367 (7th Cir. 1986). On at least one prior occasion, this court has issued a writ of mandamus against a bankruptcy judge, albeit under 28 U.S.C. § 1361 ("Action to compel an officer of the United States to perform his duty"). *Moody v. Martin*, 27 B.R. 991, 997 (W.D. Wis. 1983) (directing bankruptcy judge to exercise jurisdiction over bankruptcy cases following judge's refusal to do so on grounds that he did not have jurisdiction in light of United States Supreme Court decision ruling portions of Bankruptcy Act of 1978 unconstitutional).

made clear that a bankruptcy court's jurisdiction over an adversary proceeding does *not* terminate automatically upon dismissal of an underlying bankruptcy proceeding. *Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 81-82 (7th Cir. 1995). Rather, upon dismissal of the bankruptcy proceeding, the court should consider whether to relinquish jurisdiction of the adversary proceeding. *Id*. This is precisely what Judge Furay did, applying the principles applicable to permissive abstention under 28 U.S.C. § 1334(c)(1). Following *Chapman*, Judge Furay retained jurisdiction over the adversary proceeding even after Bechard voluntarily dismissed the bankruptcy proceedings. But Judge Furay did not decide the merits of the adversary proceeding; she simply sent it back to Buffalo County for resolution in state court.

Nora does not really seek to undo Judge Furay's remand of the adversary proceeding so that Judge Furay can address the merits of the dispute. She clearly believes (albeit incorrectly) that the adversary proceeding should have somehow automatically terminated upon Bechard's dismissal of the bankruptcy proceedings. Instead, Nora's objective is to get Judge Furay to retract her criticism of Nora's performance, or, more precisely, to get this court to order Judge Furay to retract her criticism. Nora contends that Judge Furay "acted in reckless haste to place false findings on the public record in order to support the falsely made allegations against her former client by the state court plaintiffs Peterson and Forster, to make false findings of fact concerning matters which had never been adjudicated, and to damage [Nora's] character and reputation . . . ." Nora's primary goal is not to achieve a substantive result for her client, but to redeem her own reputation. Nora has thus failed to show that her right to a writ of mandamus is "clear and indisputable" or that the writ is "appropriate under the circumstances."

Nora simply does identify any "false findings" about the claims in the adversary proceeding that would somehow impair her client's interests in the adversary pleading. This line of argument goes nowhere because Judge Furay *abstained* from ruling on the merits of the case, leaving Nora and her client free to contest those merits in Buffalo County.

Nora's argument that Judge Furay has defamed her likewise goes nowhere for many reasons. The statements at issue are these:

- "The Debtor makes a number of arguments that range in coherence and quality from vague to nonsensical to suspicious." Dkt. 1, Exh. B at 4.

- "As this Court has instructed Attorney Nora on numerous occasions, it is constrained by specific jurisdictional and constitutional limits and will abstain from hearing matters to avoid violating those limits. Counsel's repeated disregard of these instructions leaves questions in the Court's mind as to the genuineness of the jurisdictional arguments made by Attorney Nora. The Court declines to speculate on this matter further." *Id*. at 14.

Even if Nora could persuade this court that Judge Furay's comments were unfounded and unduly harsh,[7] Nora provides no authority to support her argument that these statements raise a "really extraordinary cause" requiring the exercise of mandamus power. I will assume that Nora pressed her arguments in the bankruptcy court aggressively but in good faith. But counsel who push the limits of the law, even for laudable purposes, should expect that their positions might be rejected and sometimes criticized. The purpose of the writ of mandamus is not to protect the sensibilities and reputations of insistent and adventuresome counsel.

Because it is clear that Nora cannot succeed in her mandamus action, her petition is dismissed.

---

[7] Nora devotes much of her petition to an attempt to show that Judge Furay is incorrect about many things, presumably to show that Judge Furay's criticism of Nora is unwarranted. But the petition does not succeed in this regard. Judge Furay's stern, but restrained, criticism is well within the bounds of propriety and civility. Nora's petition is not.

ORDER

IT IS ORDERED that this case is DISMISSED as frivolous. The clerk of court is directed to enter judgment in favor of defendants and close the case.

Entered this 25th day of August, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge