IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENDY ALISON NORA,

                  Petitioner,

v.

CATHERINE J. FURAY, JEFFREY J. PETERSON,
and GREGORY J. FORSTER,

                  Respondents.

ORDER

14-cv-527-jdp

---

Attorney Wendy Alison Nora petitioned this court for a writ of mandamus under 28 U.S.C. § 1651 ordering Chief Bankruptcy Judge Catherine J. Furay to vacate her decision remanding an adversary proceeding to state court. In that decision, Judge Furay criticized the arguments Nora made in support of the bankruptcy court's exercise of jurisdiction. Nora argued that after her client filed a notice of dismissal of the underlying bankruptcy case, Judge Furay improperly failed to dismiss the adversary proceeding immediately, and retained the case for the sole purpose of defaming Nora in the remand decision.

In an August 25, 2014 order, I dismissed Nora's petition as frivolous, stating that, under *Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 81-82 (7th Cir. 1995), a bankruptcy court's jurisdiction over an adversary proceeding does not terminate automatically upon dismissal of an underlying bankruptcy proceeding, and Judge Furay properly considered whether to abstain from proceeding with the adversary proceeding. Dkt. 5, at 3. I also stated as follows:

> Nora does not really seek to undo Judge Furay's remand of the adversary proceeding so that Judge Furay can address the merits of the dispute. She clearly believes (albeit incorrectly) that the adversary proceeding should have somehow automatically terminated upon Bechard's dismissal of the bankruptcy proceedings. Instead, Nora's objective is to get Judge Furay to retract her criticism of Nora's performance, or, more

> precisely, to get this court to order Judge Furay to retract her criticism. Nora contends that Judge Furay "acted in reckless haste to place false findings on the public record in order to support the falsely made allegations against her former client by the state court plaintiffs Peterson and Forster, to make false findings of fact concerning matters which had never been adjudicated, and to damage [Nora's] character and reputation . . . ." Nora's primary goal is not to achieve a substantive result for her client, but to redeem her own reputation. Nora has thus failed to show that her right to a writ of mandamus is "clear and indisputable" or that the writ is "appropriate under the circumstances."

*Id.*, at 4.

Currently before the court is Nora's motion for reconsideration of the August 25, 2014 order. Nora argues that this case can be distinguished from *Chapman* because the bankruptcy court's jurisdiction over the adversarial proceeding in that case was based on 28 U.S.C. § 1334(b)'s grant of jurisdiction over proceedings "related to" the underlying bankruptcy case, whereas in the present case, Nora's client removed the adversarial proceeding from state court under § 1334(e).[1] It is dubious whether this characterization of the basis for removal of the adversarial proceeding is accurate (the notice of removal also invokes 28 U.S.C. § 1452(a) ("Removal of claims *related to* bankruptcy cases" (emphasis added)), and if so, whether such a distinction matters for purposes of applying *Chapman*.

But in any event, Nora does not claim that either she or her client were harmed by the procedural method by which Judge Furay disposed of the adversarial proceeding. Rather, she states that her reputation has been harmed by the following comments about her performance:

---

[1] Section 1334(e) states in relevant part that "[T]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate . . . ."

- "The Debtor makes a number of arguments that range in coherence and quality from vague to nonsensical to suspicious." Dkt. 1, Exh. B at 4.

- "As this Court has instructed Attorney Nora on numerous occasions, it is constrained by specific jurisdictional and constitutional limits and will abstain from hearing matters to avoid violating those limits. Counsel's repeated disregard of these instructions leaves questions in the Court's mind as to the genuineness of the jurisdictional arguments made by Attorney Nora. The Court declines to speculate on this matter further." *Id*. at 14.

Thus Nora's action is better viewed as a request for this court to force Judge Furay to rescind her comments that were critical of her, regardless whether the court had jurisdiction to enter the order. As I stated in the August 25, 2014 order, Nora provided "no authority to support her argument that these statements raise a 'really extraordinary cause' requiring the exercise of mandamus power." Dkt. 5, at 5. Now in her motion for reconsideration, Nora belatedly cites to two cases suggesting that a mandamus action is an available remedy for an attorney who believes she has been harmed by a judge's comments. *Bolte v. Home Ins. Co.*, 744 F.2d 572, 573 (1984) ("Maybe the stigma of being accused by a federal judge of 'reprehensible' conduct is injury enough to satisfy the standing requirement in Article III of the Constitution . . . . If there is any remedy for the wrong that the appellants allege, it is to seek a writ of mandamus against the district judge under 28 U.S.C. § 1651."); *see also Seymour v. Hug*, 485 F.3d 926, 929 (2007) (citing *Bolte*).

However, in both of those cases, the court discussed the mandamus remedy as the alternative to litigating the propriety of a judge's comments through direct appeal. In *Bolte*, the court noted that it should not treat such issues as appealable in part because it would create "a breathtaking expansion in appellate jurisdiction." *Bolte*, 744 F.2d 572, 573 (7th Cir. 1984). Allowing Nora to proceed in a mandamus action for the type of remarks I earlier characterized as "stern, but restrained" would similarly lead to an avalanche of mandamus

3

actions over relatively tame judicial comments. This makes little sense given mandamus's role as a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-260 (1947)). Nora's argument that her reputation has been harmed by Judge Furay's comments is particularly unfounded given the cavalcade of recent decisions sanctioning her much more harshly. *See In re Nora*, 778 F.3d 662, 665-67 (7th Cir. 2015) (imposing $2,500 sanction and listing recent cases in which Nora has been criticized or assessed monetary sanctions) *reh'g denied* (Mar. 18, 2015). She fails to persuade me that the particular comments in this case come close to meeting the standard for granting a writ of mandamus.

Nora also argues that I should not have dismissed the case without "proceedings . . . as required by Fed. R. Civ. P. 11(c)(3)." But as I stated in the August 25, 2014 order, this court has the inherent authority to screen and dismiss cases *sua sponte*. Dkt. 5, at 2 n.2 (citing *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."); *see also Roby v. Skupien*, 762 F. Supp. 813, 813 (N.D. Ill. 1991) ("There is . . . well-established authority that this court has broad, inherent power to *sua sponte* dismiss an action . . . which is frivolous, sham, vexatious or brought in bad faith.").

Now, even with the benefit of Nora's additional authorities, I conclude that Nora's petition does not meet the standard for granting a writ of mandamus.

ORDER

IT IS ORDERED that petitioner Wendy Alison Nora's motion for reconsideration of the August 25, 2014 order dismissing her petition for a writ of mandamus, Dkt. 10, is DENIED.

Entered July 28, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge